IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3094-F

T. THORNE-EL, )
 )
          Plaintiff, )
 )
      v. ) **ORDER**
 )
CENTRALIZED INFRACTIONS )
BUREAU, et al., )
 )
          Defendants. )

On April 25, 2013, T. Thorne-El ("Thorne-El" or "plaintiff"),[1] a state inmate proceeding pro se, filed a 37-page document of indeterminate factual content and legal theory which the clerk construed as a civil rights complaint [D.E. 1]. Thorne-El objects to the clerk's characterization, and seeks to have this action converted to a petition seeking habeas corpus relief [D.E. 5, 8, 10]. The court grants the motions and conducts review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[2] (the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . .").

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

---

[1] Thorne-El now appears to prefer to call himself Thorne-Bey. See [D.E. 5] 1; [D.E. 7] 1; [D.E. 8] 1; [D.E. 9] 1; [D.E. 10] 1.

[2] To the extent Thorne-El does not seek to proceed under section 2254, these rules apply to any petition by "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a), Rules Governing Section 2254 Cases. Moreover, the court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Id., Rule 1(b).

drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, the court has "an independent obligation to determine whether subject-matter jurisdiction exists." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

I.

Thorne-El's petition is not a model of clarity, but he asserts that he is "a Moorish American National" who seeks "[t]he enforcement of . . . The Divine Constitution and By-Laws of the Moorish; The Moorish Great Seal Zodiac Constitution; The United States Republic Constitution of North America, Article III, Article IV, and Article VI; and all treaties made or shall be made thereof." [D.E. 1] 33–34. Thorne-El further appears to take issue with certain state-court criminal proceedings against him and requests either the removal of "Cases No # 11 CRS 76; 11 CRS 77 from [Pasquotank County Superior] Court to Federal Court pursuant to Title 28 § 1441 - § 1446" or the dismissal of the charges.[3] Id. 34. Finally, Thorne-El seeks monetary damages and a jury trial. Id. 35–36.

---

[3] A review of Thorne-El's criminal record does not appear to reveal any conviction which could have resulted from these cited case numbers. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0692532& searchOffenderId=0692532&listurl=pagelistoffendersearchresults&listpage=1 (last visited Mar. 18, 2014) (listing a single conviction from Pasquotank County in 2013).

2

To the extent Thorne-El seeks to remove state-court criminal proceedings to this court, he has failed to make the requisite showing in order to do so. See Bowen v. State of North Carolina, 194 F.3d 1303 (table), 1999 WL 757134, at *1 (4th Cir.1999) (per curiam) (unpublished); Massachusetts v. Azubuko, 616 F. Supp. 2d 174, 176 (D. Mass. 2009); Dugas v. Hanover Cnty. Circuit Court, No. 3:08CV72, 2008 WL 4153765, at *1–2 (E.D. Va. Sept. 5, 2008) (unpublished). Thus, the court denies the request. Additionally, to the extent Thorne-El seeks damages, see [D.E. 1] 35–36, "damages are not an available habeas remedy." Nelson v. Campbell, 541 U.S. 637, 646 (2004); see McKinney-Bey v. Hawk-Sawyer, 69 F. App'x 113, 113–14 (4th Cir. 2003) (per curiam) (unpublished); Todd v. Baskerville, 712 F.2d 70, 72 (4th Cir. 1983). Thus, the court denies Thorne-El's request for monetary damages.

As for any of Thorne-El's allegations which rely on his "alleged status as a 'Moorish American[,]' . . . . [t]hese claims have been rejected." Headen-El v. Keller, No. 1:11CV590, 2011 WL 3568282, at *2 (M.D.N.C. Aug. 15, 2011) (unpublished) (collecting cases). The notion that Thorne-El "is entitled to ignore the laws of the State of North Carolina by claiming membership in the 'Moorish-American' nation is ludicrous." Caldwell v. Wood, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (unpublished) (collecting cases); see Bey v. Pennsylvania, 345 F. App'x 731, 732 (3d Cir. 2009) (per curiam) (unpublished). To the extent Thorne-El relies on various treaties or international conventions to secure relief, see [D.E. 1] 24–28, these things have no bearing on the ability of the State of North Carolina to indict and prosecute him. See, e.g., Sosa v. Alvarez-Machain, 542 U.S. 692, 734–35 (2004); Serra v. Lappin, 600 F.3d 1191, 1197 n.5 (9th Cir. 2010); Hampton v. City of Durham, No. 1:10CV706, 2010 WL 3785538, at *2–3 (M.D.N.C. Sept. 22, 2010) (unpublished) (collecting cases); Marrakush Soc'y v. N.J. State Police, No. CIV A 09-2518(JBS), 2009 WL 2366132, at *9 (D.N.J. July 30, 2009) (unpublished); El v. Delgado, No.

3

1:10CV38, 2010 WL 5201195, at *9 (N.D. W. Va. Nov. 5, 2010) (unpublished) (collecting cases), report and recommendation adopted, 2010 WL 5200949 (N.D. W. Va. Dec. 20, 2010) (unpublished). Thus, these claims are dismissed as frivolous.

II.

For the reasons stated, the court GRANTS Thorne-El's motions to convert this matter into one seeking relief by way of habeas corpus [D.E. 5, 8, 10], DISMISSES this action for failure to state a claim, and, to the extent applicable, DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court shall close the case.

SO ORDERED. This 18th day of March 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge